IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Willie James Edwards, Jr., | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Civil Action No. 8:19-cv-1172-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Warden Broad River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Willie James Edwards, Jr.'s ("Edwards" or "Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On July 16, 2019, Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation ("Report"), finding that this action is subject to summary dismissal as time-barred and recommending that the Court dismiss this action with prejudice and without requiring Respondent to file an answer or return. Petitioner filed written objections to the Report, and the matter is ripe for review.

**STANDARD OF REVIEW**

**I.     The Magistrate Judge's Report**

This Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion(s) of the Report to which the objection is

made and the basis for the objection. *Id.* After a review of the record, including the Report and Petitioner's objections, the Court finds that the Magistrate Judge adequately and accurately summarized the facts and applied the correct principles of law.

## **DISCUSSION**

**I.       The AEDPA's Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Next, section 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

2

2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in state court habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time during which the United States Supreme Court considers a petition for certiorari, is tolled." *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001).

A state collateral proceeding must be "properly filed" for section 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually proscribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

Here, as the Magistrate Judge noted, Petitioner was sentenced in state court to 25 years' imprisonment on July 31, 2014. He did not file a direct appeal but instead filed his first application for post-conviction relief ("PCR") on April 23, 2015. The PCR court denied the application and dismissed the action with prejudice on March 9, 2017. Petitioner appealed the order of dismissal, but the South Carolina Supreme Court denied his petition for writ of certiorari on July 24, 2018. The remittitur was docketed in the Georgetown County Court of Common Pleas on August 9, 2018. Petitioner filed the instant petition in

April of 2019.

Because the petition appeared time-barred pursuant to the AEDPA's one-year statute of limitations, the Magistrate Judge entered on order on June 7, 2019, to show cause why the action should not be dismissed. The order notified Petitioner that the Court was considering dismissal based on the running of the statute of limitations and granted Petitioner time to submit a factual explanation why the petition should not be dismissed as untimely. Petitioner filed a reply to the order to show cause on June 28, 2019, stating that he did not have the assistance of counsel in filing his PCR action; that he was not informed of the AEDPA's one-year statute of limitations; and that his prison was on lock-down when the South Carolina Supreme Court denied his petition for writ of certiorari on his PCR appeal.

Here, the Magistrate Judge found it clear from the record that Petitioner failed to file his PCR application within the AEDPA's one-year statute of limitations, and the Court agrees with the Magistrate Judge's analysis. (*See* ECF No. 17 at 7-10.) Next, the Magistrate Judge considered whether Petitioner was entitled to equitable tolling. As the Magistrate Judge noted, a petitioner seeking equitable tolling generally bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). The Fourth Circuit has indicated that circumstances rarely will warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and

subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Under the Fourth Circuit's "extraordinary circumstances" test, a petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Ultimately, the Magistrate Judge determined that Petitioner failed to demonstrate that he was diligent in pursuing his rights and that extraordinary circumstances prevented him from filing his petition on time. In so determining, the Magistrate Judge considered Petitioner's arguments that counsel never advised him of the statute of limitations; that he did not have the assistance of counsel with his PCR application; and that the prison was on lock-down at certain times. The Magistrate Judge found these circumstances completely insufficient to warrant equitable tolling, and after review, the Court agrees with the Magistrate Judge for the reasons set forth in her Report. In addition, the Court notes that Petitioner's objections merely reiterate the same arguments already considered and properly rejected by the Magistrate Judge. Therefore, the Court finds these objections without merit, as they do not demonstrate any extraordinary circumstance that would it unconscionable to enforce the limitations period. *See, e.g., Edens v. Eagleton*, 2014 WL 692872 (D.S.C. Feb.21, 2014) (noting that prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling and quoting *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004)); *Wright v. McFadden*, 2014 WL

5

6666681, (D.S.C. Nov. 24, 2014) ("[T]his District has widely recognized that [p]rison conditions, such as lockdowns . . . , are not normally grounds for equitable tolling.") (quoting *Gleaton v, Bush*, No. 4:14-cv-890, 2014 WL 5527826, at *7 (D.S.C. Oct. 31, 2014)) (internal quotation marks omitted); *Jenkins v. Johnson*, 2009 WL 1923938 (E.D. Va. 2009) (stating that "delays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling") (citations omitted).

## **CONCLUSION**

After careful review, the Court agrees with the Magistrate Judge's analysis and finds that the instant petition is untimely and that the circumstances of this case do not warrant equitable tolling. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 17); the Court overrules Petitioner's objections (ECF No. 19); and the Court dismisses this action with prejudice and without requiring Respondent to file an answer return because the petition is untimely under the statute of limitations set forth in the AEDPA, 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
The Honorable Bruce Howe Hendricks  
United States District Judge

January 28, 2020  
Charleston, South Carolina

6

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.